## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LYNDA ROWAN & RICHARD ROWAN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-01212-GCS** |
| | ) | |
| **SIU PHYSICIANS AND SURGEONS INC. & KYAW NAING,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WILSON CUEVA,** | ) | |
| | ) | |
| **Respondent In Discovery,** | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

The following motions are pending before the Court: Defendant Naing's Motion to Dismiss and Motion to Substitute Party (Doc. 8); Defendant Naing's Motion to Strike Plaintiffs' Reply to Defendant's Response (Doc. 35); and Plaintiffs' Motion for Leave to File a Reply. (Doc. 36). Defendant Naing filed the Motion to Dismiss and Motion to Substitute Party on April 13, 2023. (Doc. 8).  Plaintiffs Lynda and Richard Rowan filed a Response to the Motion on May 15, 2023. (Doc. 20). Defendant Naing then filed a Response to the Reply on May 22, 2023. (Doc. 29). On July 19, 2023, Plaintiffs filed a separate Reply to the Response Motion. (Doc. 34). Defendant Naing then moved the Court to strike the reply. (Doc. 35). Plaintiffs then sought leave to file a Reply to the

Response Motion on July 25, 2023. (Doc. 36). For the reasons delineated below, the Court **GRANTS** Defendant Naing's Motion to Dismiss and Motion to Substitute Party (Doc. 8) as well as his Motion to Strike Plaintiffs' Reply to Defendant's Response (Doc. 35). The Court **DENIES** Plaintiffs' Motion for Leave to File (Doc. 36).

BACKGROUND

On September 16, 2022, Plaintiffs Lynda and Richard Rowan filed a Complaint in the Circuit Court of the First Judicial Circuit - Jackson County, Illinois, against Defendants Dr. Kayaw Naing ("Naing") and SIU Physicians and Surgeons, Inc. ("SIU Physicians and Surgeons"). (Doc. 1, Exh. 1, p. 2-9). Plaintiffs' allegations concern Defendant Naing's treatment of Plaintiff Lynda Rowan in his capacity as her personal care physician. *Id.* at. p. 2. On January 24, 2020, Plaintiff Lynda Rowan was hospitalized complaining of bilateral leg weakness. *Id.* at p. 3. Lynda was seen and treated by experts during her hospitalization, however Defendant Naing never consulted with those experts to assist them in diagnosing Lynda's condition. Lynda was subsequently diagnosed with an intradural extramedullary tumor that was located during a surgery performed on October 4, 2020, at Barnes Jewish Hospital. *Id.* Lynda's condition eventually resulted in the loss of the use of her legs. *Id.*

Plaintiffs specifically allege that Naing's "failure to discharge his duties as gatekeeper, failure to supervise the care that [Lynda] received, failure to consult with experts who treated her, and failure to monitor her condition or refer her to experts in a more timely manner" amounted to negligence. *Id.* at p. 2 Plaintiffs contend that as a

"direct and proximate cause" of Naing's negligence it resulted in pain and suffering for Lynda, the loss of the use of her legs, and a decrease in the enjoyment of her life as she is now wheelchair bound. *Id.* Plaintiffs "repeat and reallege" the same allegations against Defendant SIU Physicians and Surgeons. *Id.* at p. 4. Plaintiff Richard Rowan, as husband to Lynda, alleges that he has also suffered due to Naing's negligence by a "decrease in his wife's society" and a decrease in the enjoyment of his own life. *Id.* at p. 5.

On April 12, 2023, the United States of America, on behalf of Defendant Naing removed the action to the United States District Court for the Southern District of Illinois pursuant to 42 U.S.C. § 233. (Doc. 1). The United States sought removal to the federal district court because Naing is a "deemed federal employee eligible for Federal Tort Claims Act ("FTCA") coverage pursuant to the Federally Supported Health Centers Assistance Act." *Id.* at p. 1.

DISCUSSION

### A. *Defendant Naing's Motion to Dismiss and Motion to Substitute Party*

In the Motion to Dismiss/Substitute, Naing argues that he should be dismissed from the present action because he is a "deemed" federal employee who was acting within the scope of his "deemed" federal employment at the time of the incidents alleged in Plaintiffs' complaint. As such, Naing argues that the United States of America ("United States") should be listed as Defendant in his stead. (Doc. 8, p. 3). Plaintiffs contest Naing's status as a deemed federal employee as well as when he received this status in their Response to Defendant Naing's Motion to Dismiss. (Doc. 20, p. 1-2).

Under 42 U.S.C. § 233(a), an FTCA lawsuit against the United States is the sole remedy "for damage or personal injury, including death, resulting from the performance of medical, surgical, dental or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." In such cases, "[u]pon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any civil action or proceeding commenced in a State court *shall be removed* without bond at any time before trial by the Attorney General *to the district court of the United States* of the district and division embracing the place wherein it is pending *and the proceeding deemed a tort action brought against the United States* under the provisions of title 28 and all references thereto."42 U.S.C. § 233(c) (emphasis added). A United States Attorney is permitted to issue such certification in lieu of the Attorney General, or delegate that authority. *See* 28 C.F.R. § 15.4.

The United States, on behalf of Naing, removed this lawsuit from Jackson County, Illinois, to the United States District Court for the Southern District of Illinois on April 12, 2023. (Doc. 1). Defendant Naing attached to the Notice of Removal, the Certification of Scope of Employment. (Doc. 1, Exh. 2). Nathan E. Wyatt, Assistant United States Attorney and Chief of the Civil Division for the United States Attorney's Office for the Southern District of Illinois, by virtue of the delegation from the United States Attorney, certified after reading Plaintiffs' complaint that: "[d]uring the time-period referenced in Plaintiff's Complaint, Dr. Kyaw Naing was a deemed federal employee for the purposes of the care at issue by virtue of his employment with the Board of Trustees of Southern Illinois

University and the SIU Center for Family Medicine." *Id.* at p. 1. The statutory language of Section 233(c) is clear. After a proper certification is made that a defendant was acting within the scope of employment, the matter shall be removed to a United States District Court with the case proceeding as a tort action brought against the United States.

The Federal Health Centers Assistance Act[1] further permits the Secretary of Health and Human Services to deem certain federally funded community health centers, along with certain individuals affiliated with them, to be employees of the federal Public Health Service ("PHS") for purposes of the FTCA. *See* 42 U.S.C. §§ 254b & 233g; 42 C.F.R. § 6.3-6.6. *See also P.W. by Woodson v. United States*, 990 F.3d 515, 518 (7th Cir. 2021) (noting that "Employees" include federally funded health centers and their employees.). Once the Secretary of the Department of Health and Human Services "makes a determination that an entity or . . . employee . . . of an entity is deemed to be an employee of the Public Health Service . . . **the determination shall be final and binding upon . . . other parties to any civil action or proceeding**." 42 U.S.C. § 233(g)(1)(F) (emphasis added).

Along with the Notice of Removal, Defendant Naing filed the Declaration of Meredith Torres ("Torres"), a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, as an exhibit. (Doc. 2). Torres states in her declaration that:

> I have reviewed official Agency records and determined that Board of Trustees of Southern Illinois University, was deemed eligible for Federal

---

[1]      This designation enables centers caring for underserved populations to spend their money on patient care rather than malpractice premiums. *See Chronis v. United States*, 932 F.3d 544, 546 n.1 (7th Cir. 2019) (citing *Dedrick v. Youngblood*, 200 F.3d 744, 745 (11th Cir. 2000)).

Tort Claims Act malpractice coverage effective January 1, 2020, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Board of Trustees of Southern Illinois University, is attached to this declaration as Exhibit 1.

I have also reviewed the employment records submitted by Board of Trustees of Southern Illinois University, on behalf of the defendant, Dr. Kyaw Naing and I have determined that Dr. Naing was an employee of Board of Trustees of Southern Illinois University, at the time of the incidents giving rise to this suit.

To clarify, SIU Physicians & Surgeons, Inc., a/k/a SIU Healthcare is a named defendant in this case. Dr. Naing did not provide care to Ms. Lynda Rowan through Defendant SIU Physicians & Surgeons a/k/a SIU Healthcare. At the time relevant to this case, Dr. Naing was employed by the Southern Illinois University School of Medicine for his teaching and other academic duties. With respect to his clinical duties, at the time relevant to this case, Dr. Naing was employed by SIU Center for Family Medicine-Carbondale. If named as a defendant, SIU Center for Family Medicine-Carbondale would have been considered a deemed federal employee under 42 U.S.C. § 233(g) for the purposes of this case. Defendant SIU Physicians & Surgeons a/k/a SIU Healthcare is not a deemed employee under 42 U.S.C. § 233(g).

(Doc. 2, p. 2). This documentation reflects the Secretary of Health and Human Services' decision to deem SIU Family Medicine and Naing as employees of the federal PHS.

As further evidence of SIU Family Medicine's status, Naing also supplied the Court with the FTCA deeming notice from October 17, 2019. (Doc. 29, Exh. 1). The deeming notice indicates that "the Board of Trustees of Southern Illinois University [is an] employee of the PHS for the purposes of Section 224" effective January 1, 2020-December 31, 2020. *Id.* at p. 3. Thus, SIU Family Medicine's status as a deemed employee

has been clearly established throughout the period of Lynda Rowan's care alleged in Plaintiffs' Complaint – which took place between January 24, 2020, and October 4, 2020.[2]

Plaintiffs dispute both Naing's status as a deemed federal employee and when he received that status. Despite their protestations to the contrary, the statutory language again is clear. Once a deeming decision is made, such a determination is final and binding on the parties. *See* 42 U.S.C. § 233(g)(1)(F). Indeed, the Seventh Circuit confirmed the final and binding nature of such a determination when it concluded that "neither party could challenge the certification" made under Section 233. *Alexander v. Mount Sinai Hosp. Medical Center*, 484 F.3d 889, 897 (7th Cir. 2007). This is true even if the initial deeming decision was later found to be made in error. *Id.* at 892-895.

The submitted documentation demonstrates that Naing was a deemed employee of the SIU Center for Family Medicine – Carbondale ("SIU – Family Medicine") throughout the relevant period alleged in Plaintiffs' complaint. Thus, the Court **GRANTS** Defendant Naing's Motion to Dismiss and substitutes the United States as a defendant in this case. (Doc. 8).

### B. *Defendant Naing's Motion to Strike and Plaintiffs' Motion for Leave to Reply*

Plaintiffs filed a Reply to Defendant Naing's Response to Naing's Motion to Dismiss on July 19, 2023. (Doc. 34). In the Reply, Plaintiffs appear to argue that the negligence by Naing took place not only in 2020, but in 2019 as well. *See, e.g.*, (Doc. 34, p. 1) (stating that "[t]his is only partially correct, but the claim includes negligence in 2019.").

---

[2]     The Court notes that these were the dates of care originally indicated in Plaintiffs' initial complaint. (Doc. 1, Exh. 1, p. 1-2).

Plaintiffs assert that medical records indicate that Lynda Rowan had fallen twice in 2019 and that she began to feel weakness in her lower extremities in October 2019. *Id.* They allege that Naing's failure to "determine the cause of Lynda's falls or the cause of her lower extremity weakness, or the absence of reflexes" amounted to negligence. *Id.* at p. 2.

Defendant Naing subsequently filed a Motion to Strike Plaintiffs' Reply. (Doc. 35). Defendant points out that Plaintiffs' document is in fact not a reply, but a sur-reply. Defendant notes that sur-replies are heavily disfavored in the Southern District of Illinois, as set forth in Local Rule 7.1 (c). *Id.* at p. 2. Moreover, even if the document would be considered a reply, Defendant Naing argues that the reply would be untimely, having been filed almost two months after Defendant's reply. *Id.*

In response, Plaintiff filed a Motion for Leave to file a Reply on July 25, 2023. (Doc. 36). Therein, Plaintiffs note that they were "aware that Naing had been Lynda's personal physician for several years to include 2019 but had no need to plead those facts in their State Court Complaint." *Id.* at p. 2.

Defendants are correct that sur-reply briefs are disfavored. In fact, Local Rule 7.1 states that "under no circumstances will sur-reply briefs be accepted." As such, Defendants' Motion to Strike Plaintiffs' Reply to Defendant Naing's Response to Naing's Motion to Dismiss is **GRANTED**.

As to Plaintiffs' Motion for Leave to File a Reply, it appears as though Plaintiffs are attempting to use the Reply brief to supplement their initial complaint. However, filing a sur-reply to Defendant Naing's Response to Naing's Motion to Dismiss is the inappropriate vehicle to do so. Accordingly, Plaintiffs' Motion for Leave to File a Reply

is **DENIED**.

C<span style="font-variant:small-caps">ONCLUSION</span>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Substitute

Party and Motion to Dismiss (Doc. 8). The Court also **GRANTS** Defendant's Motion to

Strike Reply to Response (Doc. 35). The Court **DENIES** Plaintiffs' Motion for Leave to

File Reply (Doc. 36). The Court **DIRECTS** the Clerk to substitute the United States as a

Defendant in Naing's stead.

**IT IS SO ORDERED.**

**DATED:  March 25, 2024.**

Digitally signed
by Judge Sison
Date: 2024.03.25
13:10:20 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**