UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNDA ROWAN & RICHARD ROWAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 3:23-cv-01212-GCS ) |
| SIU PHYSICIANS AND SURGEONS INC. & KYAW NAING, | ) ) ) |
| Defendant, | ) ) |
| vs. | ) ) |
| WILSON CUEVA, | ) ) |
| Respondent In Discovery, | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Respondent in Discovery Wilson Cueva's Motion to Dismiss. (Doc. 11). Dr. Wilson Cueva ("Cueva") was named a respondent in discovery pursuant to 735 ILL. COMP. STAT. § 5/2-402 when Plaintiffs filed their case in Illinois State Court on September 16, 2022. (Doc. 12, p. 1). On May 5, 2023, Cueva filed a Motion to Dismiss along with a Memorandum of Law in Support, arguing for his dismissal pursuant to Section 2-402 as Plaintiffs have failed to convert him to a named defendant within six months of filing their complaint.[1] (Doc. 11, 12). Plaintiffs filed an Objection to

---

[1] Cueva does not specify in his Motion to Dismiss whether the Motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). However, Cueva's statement that "a respondent in discovery cannot be converted to a defendant until the plaintiff obtains the leave of court" makes it appear as though the Motion was brought under Rule 12(b)(1). This

Cueva's Motion to Dismiss on May 15, 2023. (Doc. 21). Plaintiffs assert that the Court lacks jurisdiction to consider a motion by a Respondent in Discovery. *Id.* at p. 1. Ultimately, because the Court lacks subject matter jurisdiction over Cueva as a non-party respondent in discovery the Court must **GRANT** the Motion to Dismiss. (Doc. 11).

## LEGAL STANDARDS

The purpose of a motion to dismiss is to test the sufficiency of plaintiff's complaint. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the district court must accept all well pleaded factual allegations as true and view those allegations in the light most favorable to the plaintiff. *See Gillman v. Burlington Northern R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). In accordance with Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction over the claim. *See* FED. R. CIV. PROC. 12(b)(1).

## DISCUSSION

As an initial matter, Plaintiffs cite to *Cartegena v. Martino-Villanueva* as support for their proposition that the Court cannot consider a Motion to Dismiss filed by respondent in discovery Cueva. 619 F.Supp.3d 1145, 1152 (M.D. Fla. 2022). However, the case does not address the proposition that Plaintiffs assert. *Cartegena* does not address whether the Court lacks the jurisdiction to address a motion submitted by a respondent in discovery, rather it only re-states the notion that "[a] federal court does

---

is because the Court of Appeals for the Seventh Circuit has noted that respondents in discovery are not parties. *See Jass v. Prudential Health Care Plan Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996). Accordingly, the Court will conduct its analysis under Federal Rule of Civil Procedure 12(b)(1).

not have jurisdiction over a suit under the FTCA unless the claimant files an administrative claim with the appropriate agency . . . ." *Id.* While this is a correct statement of law, it is not dispositive to Plaintiffs' argument regarding respondents in discovery. Thus, the Court will address Cueva's substantive argument.

Section 2-402 of the Illinois Code provides the statutory procedure by which a plaintiff is permitted to designate individuals or entities as respondents in discovery. *See* 735 ILL. COMP. STAT. § 5/2-402. The statute allows plaintiffs to designate an individual a "respondent in discovery" if they believe an individual could have information essential to the determination of who should be named as additional defendants to the case. *Id.* Originally, the statute was applied primarily in medical malpractice cases and was intended to help defendants avoid the costs and burdens of litigation while assisting plaintiffs in discovering parties against whom a cause of action might lie. *See Robinson v. Johnson*, 809 N.E.2d 123, 129 (Ill. App. Ct. 1st Dist. 2003). Plaintiffs have six months from the date of filing the complaint to convert the respondent in discovery to a named defendant.[2] *See* 735 ILL. COMP. STAT. § 5/2-402. *See also Allen v. Thorek Hosp.*, 656 N.E.2d 227, 231 (Ill. Ct. App. 1st Dist. 1995) (explaining that the six-months begins to run from the date of filing a complaint.). A respondent in discovery cannot be converted to a defendant until the party obtains leave of the court. *See Froehlich v. Sheehan*, 608 N.E.2d 889, 894-895 (Ill. Ct. App. 1st Dist. 1992). "Scrupulous adherence to the requirements of section 2-402 is a condition precedent to the plaintiff's

---

[2] The statute allows plaintiff to request an extension from the six-month period for good cause only once for up to 90 days. 735 ILL. COMP. STAT. § 5/2-402. Plaintiff did not request an extension within the six-month period.

right to seek a remedy." *Knapp v. Bulun*, 911 N.E.2d 541, 548 (Ill. App. Ct. 1st Dist. 2009). *See also Robinson*, 890 N.E.2d at 129 (noting that meeting the statutory requirements set forth in section 2-402 "[are] a condition of the liability itself and not of the remedy alone.").

Here, Plaintiffs failed to convert Cueva to a defendant as required by the statute. Given the September 16, 2022, filing date, Plaintiffs had until March 22, 2023, to move for a probable cause hearing if they wished to convert Cueva to a defendant. *See* 735 ILL. COMP. STAT. § 5/2-402. The six-month deadline has long passed, and Plaintiffs have not moved to convert Cueva to a defendant as required by Section 2-402. *See, e.g.*, *Browning v. Jackson Park Hosp.*, 516 N.E.2d 797, 801 (Ill. Ct. App. 1st Dist. 1987) (affirming dismissal where plaintiff failed to follow section 2-402 requirements for converting respondents in discovery within the required 6 months). Thus, if the Court were to apply Illinois procedural rules, Plaintiffs are precluded from adding Cueva as a defendant.

More importantly and for purposes of applying Rule 12(b)(1), because Cueva is not a party to the case, there is no case or controversy involving this particular defendant. In *Boothe v. Marshall Browning Hosp.*, this Court analyzed Section 2-402 under Rule 12(b)(1) and concluded that it lacked subject matter jurisdiction over a claim against a respondent in discovery because respondents in discovery are non-parties. Case No. 12-cv-025-MJR-SCW, 2012 WL 3308778 (S.D. Ill. Aug. 13, 2012). Specifically, the Court noted that:

> It is axiomatic that if the statute provides a process by which a respondent in discovery may become a defendant, then a respondent in discovery is not a defendant to an action. Similarly, the distinction between a

respondent in discovery and a defendant – particularly the provision for paying a respondent in discovery like a witness – re-enforces that Section 2-402 is a procedural mechanism for discovery and does not create a substantive cause of action. Rather, Section 2-402 is wholly dependent upon there being a predicate substantive claim.

*Id.* at *2. The Court then cited several Illinois cases that came to the same conclusion, finding that respondents in discovery are a category of non-defendants unique to Illinois law. *See, e.g., Westmeyer v. Flynn*, 889 N.E.2d 671, 673 n.2 (Ill. Ct. App. 1st Dist. 2008); *Shanklin v. Hutzler*, 691 N.E.2d 7, 13 (Ill. Ct. App. 1st Dist. 1997); *Engel v. St. Mary's Hosp. of Decatur*, 555 N.E.2d 810, 811 (Ill. Ct. App. 4th Dist. 1990). Thus, the Court in *Boothe* granted the respondent in discovery's motion to dismiss, because as a non-party, no case or controversy existed as between him and the plaintiffs under Article III, § 2 of the United States Constitution. *Id.* at *3. The same result is required in the instant matter. As such, the Court **GRANTS** Cueva's Motion to Dismiss. (Doc. 11).

## Conclusion

For the foregoing reasons, the Court **GRANTS** Dr. Cueva's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: March 25, 2024.**

Digitally signed by Judge Sison
Date: 2024.03.25 14:16:40 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**