UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNDA ROWAN & RICHARD ROWAN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 3:23-cv-01212-GCS ) |
| UNITED STATES and SIU PHYSICIANS AND SURGEONS, INC., a/k/a SIU HEALTHCARE, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Pending before the Court is the Motion for Summary Judgment filed by Defendant Naing (now the United States).[1] (Doc. 10). The United States filed its motion on April 27, 2023, asserting that Plaintiffs failed to exhaust their administrative remedies as required under the Federal Tort Claims Act ("FTCA") prior to filing suit. *Id.* at p. 3-6. Plaintiffs filed a Response to the Motion for Summary Judgment on May 15, 2023. (Doc. 20). The United States filed a Reply in Support of its motion on May 22, 2023. (Doc. 29). On July

---

[1] The Court granted Defendant Naing's Motion to Dismiss and Motion to Substitute Party allowing the United States to be named in his stead. (Doc. 57). In the Motion for Summary Judgment, Defendant Naing requested that if the Motion to Dismiss and Motion to Substitute were granted that the present Motion for Summary Judgment be construed as having been brought on behalf of the proper Defendant, the United States. (Doc. 10, p .1). Thus, the Court will construe the Motion for Summary Judgment as being brought by the United States.

19, 2023, Plaintiffs attempted to file a response to the reply filed by the United States. (Doc. 34). Plaintiffs later filed a motion for leave to file a reply to the motions filed by Defendant Naing on July 25, 2023. (Doc. 36). The United States filed a response to Plaintiffs' motion for leave to file a reply on August 4, 2023. (Doc. 39). In a recent decision, the Court struck (Doc. 34) and denied Plaintiffs' motion for leave to file a reply (Doc. 36). (Doc. 57).

Dr. Naing was initially named as a defendant in this civil action when it was commenced in the Circuit Court of the First Judicial Circuit, Jackson County, Illinois. (Doc. 1, Exh. 1). On April 12, 2023, Plaintiffs' suit was removed to this Court pursuant to 42 U.S.C. § 233. (Doc. 1). At the times cited to in Plaintiffs' Complaint, Naing was a "deemed employee" of the Public Health Service ("PHS") under the Federally Supported Health Centers Assistance Act ("FSHCA"). *See* 42 U.S.C. § 233(g)-(n). As such, Defendant Naing's Motion to Substitute and Dismiss was granted, and the United States was named in Naing's stead. (Doc. 57).

## LEGAL STANDARDS

Summary judgment is proper when the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(c); *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The movant bears the burden of establishing the absence of a genuine issue as to any material fact and entitlement to judgment as a matter of law. *See Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). This Court must

consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *See Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). *See also Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (stating that "we are not required to draw every conceivable inference from the record . . . we draw only reasonable inferences") (internal citations omitted). While the Court may not "weigh evidence and determine the truth of the matter [,]" it must ascertain whether a genuine issue remains for trial. *Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007).

No issue remains for trial "unless there is sufficient evidence favoring the nonmoving party to [rule in favor of] that party . . . if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–250 (citations omitted). *Accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). In other words, "inferences relying on mere speculation or conjecture will not suffice." *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (internal citation omitted). *See also Anderson*, 477 U.S. at 252 (finding that "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient[.]"). Instead, the nonmoving party must present "definite, competent evidence to rebut the [summary judgment] motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (internal citation omitted).

## DISCUSSION

The United States argues that summary judgment should be granted because Plaintiffs failed to exhaust their administrative remedies under the FTCA. (Doc. 10, p. 3-6). As a waiver of sovereign immunity, the FTCA provides the exclusive remedy for tort claims for money damages allegedly resulting from the performance of medical functions by an employee of the PHS while acting within the scope of their employment. *See Arteaga v. United States*, 711 F.3d 828, 830-831 (7th Cir. 2013). Before filing suit, the FTCA requires that a plaintiff present their claims to the appropriate federal agency.[2] 28 U.S.C. § 2675(a). More specifically, the operative statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing . . . .

*Id.* (emphasis added). *See also McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). Presenting a claim to an agency is typically accomplished by submitting "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2 (a).

---

[2] The Court notes that the FTCA's exhaustion requirement can be waived. *See, e.g., Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). However, it has not been waived in this case. (Doc. 10, p. 4).

The United States has submitted the Declaration of Meredith Torres ("Torres") to demonstrate that Plaintiffs have failed to exhaust their administrative remedies under the FTCA. (Doc. 2). Torres "caused a search of the Claims Office database [of the Department of Health and Human Services] to be conducted and found no record of an administrative tort claim filed by Lynda Rowan and Jeff Rowan, and/or an authorized representative relating to the medical care, surgical care, services and treatment provided by the Board of Trustees of Southern Illinois University and Dr. Kyaw Naing." (Doc. 2, p. 2). This documentation appears to show that Plaintiffs failed to exhaust their administrative remedies under the FTCA.

In their opposition, Plaintiffs appear to question when Naing became a deemed employee of the public health service. (Doc. 20, p. 1-2). Plaintiffs then point out the distinction between dismissal with prejudice and summary judgment noting that the position of the United States appears to be contradictory. *Id.* at p. 2. Plaintiffs also apparently question whether the issue of exhaustion can be raised as there is no affirmative defense in the instant matter. *Id.* To that end, Plaintiffs appear to make a statement that concedes that they have not exhausted administrative remedies. *Id.* (stating that "[m]oreover, there is no claim by the Plaintiffs that they have exhausted their administrative remedies, yet."). Finally, Plaintiff seeks discovery pertaining to the conclusory statement that Naing was a deemed federal agent at the time he provided care to Lynda Rowan and clarification as to whether dismissal through the instant motion would be without prejudice. *Id.*

In Naing's reply (now the United States), the United States clarified that Naing

was a deemed employee during the period alleged in Plaintiffs' complaint. (Doc. 29, p. 2). It further clarified that Naing's employer was also a deemed entity for that same period. *Id.* As the United States correctly points out, the deeming decision by the Department of Health and Human Services is indeed "final and binding." 42 U.S.C. § 233(g)(1)(F).

The United States also correctly points out that a motion for summary judgment is the correct procedural vehicle to raise the affirmative defense of exhaustion of administrative remedies. This is true so that the Court can consider material outside of the complaint, which the United States provided in the form of an affidavit and several deeming notices. *See Bandala-Martinez v. Bebout*, 188 F. Supp.3d 836, 840 n.1 (S.D. Ill. 2016); *Garmon v. Roeckeman*, Case No. 13-cv-00287-SMY-PMF, 2015 WL 1577658, at *2 (S.D. Ill. April 2, 2015). While Plaintiffs can certainly request that some discovery be permitted to respond to the motion, certain procedures must be followed, and those procedures require the submission of an affidavit or declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiffs filed no such affidavit or declaration in this case, but rather simply requested such discovery in their response in opposition. It is also questionable whether such discovery is needed given Plaintiffs' apparent admission that it had not yet exhausted administrative remedies.

As to the question of whether the dismissal is with prejudice or without prejudice, the United States again accurately states the prevailing law. When a court dismisses a case pursuant to a motion for summary judgment based on the failure to exhaust administrative remedies, such a dismissal is without prejudice. *See, e.g., Garmon*, 2015 WL

1577658, at *2 (noting that "[e]xhaustion-based dismissals are made without prejudice."); *Walker v. Rowland*, No. 12-cv-0329-MJR-SCW, 2013 WL 4083813, at *4 (S.D. Ill. Aug. 13, 2013) (noting that dismissal was without prejudice because Plaintiff failed to exhaust administrative remedies before filing suit). The dismissal is without prejudice because Plaintiffs may still be permitted to exhaust administrative remedies and refile the lawsuit once such remedies are exhausted. Indeed, the FTCA contains a savings clause that anticipates such a scenario if the case is dismissed for failure to first present a claim to the relevant administrative agency. *See* 28 U.S.C. § 2679(d)(5). There appears to be an open question as to whether the FTCA savings clause applies to cases involving deemed employees of the Public Health Service, but one court in the Southern District of Illinois has concluded that it does. *See Brooks v. HSHS Medical Group, Inc.*, 513 F. Supp.3d 1069, (S.D. Ill. 2021).

Plaintiffs, however, have attempted to inject new allegations not contained in their original complaint. In their response to the reply filed by the United States, Plaintiffs claim that Naing's negligence included conduct that began in 2019 and continued throughout 2020. (Doc. 34, p. 1). Specifically, Plaintiffs claim Naing last saw Lynda Rowan in late October 2019. *Id.* at p. 2. Prior to that, Naing apparently saw Lynda and she complained about having fallen a couple of times within the last year. *Id.* She was also complaining of weakness in her legs in the summer of 2019. *Id.* Naing apparently offered Lynda an MRI, but she apparently refused because of her claustrophobia. *Id.* Lynda further told Naing that she had an upcoming appointment with a specialist. *Id.* Plaintiffs alleged that Naing never pursued the cause of Lynda's weakness, never

followed up with the specialist that Lynda was scheduled to see, and never explained the reason for his MRI recommendation. *Id.* As noted previously, the Court, struck this document as an impermissible sur-reply, which was not permitted under the Court's local rules. (Doc. 57, p. 8). The Court also denied Plaintiffs' Motion for Leave to File the document containing this information because it was not the proper mechanism to inject new factual allegations into the proceedings. (Doc. 57, p. 8-9).

Because the United States did not have the benefit of the Court's recent decision mentioned above, it filed a response addressing Naing's alleged negligence for calendar year 2019. (Doc. 39). In its response, the United States attached an additional declaration and deeming notices showing that Naing "was a deemed federal employee and his employer, the Board of Trustees of Southern Illinois University, was a federally qualified health center[]" for 2019. (Doc. 39, p. 2, Doc. 39-1, Doc. 39-2). Even though an amended complaint was never filed by Plaintiffs incorporating these 2019 allegations, it appears that such an amendment would be futile given this evidence and Plaintiffs' apparent admission that administrative remedies have not yet been exhausted.

For all intents and purposes, the motion filed by the United States appears to be well taken. But one further complication remains unresolved. Plaintiffs in their complaint allege that Naing "was employed by and was an agent and/or employee of the Defendant, SIU Physicians and Surgeons, Inc." (Doc. 1-1, ¶ 9). This, of course, contradicts the deeming notices filed by the United States, which indicates that Naing's employer was the Board of Trustees of Southern Illinois University. Thus, there appears to be a conflict over the scope of Naing's employment. While the deeming decision of the

Department of Health and Human Services is binding and not subject to judicial review, the scope of employment certification filed by the United States is subject to review. *See, e.g., Alexander v. Mount Sinai Hosp. Medical Center*, 484 F.3d 889, 894 (7th Cir. 2007) (noting that in Section 233 cases "the Attorney General's scope of employment certification is judicially reviewable."); *Rendon v. United States*, 91 F. Supp.2d 817, 819 (E.D. Pa. 2000) (noting that where there exists "a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary."). *See also Osborn v. Haley*, 549 U.S. 225, 237 (2007) (noting that in a non-Section 233 context, "where the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint, . . . , the district court must resolve the factual dispute.") (quoting *Melo v. Hafer*, 13 F.3d 736, 747 (3rd Cir. 1994)). The existence of this factual dispute thus requires the Court to deny Defendant's Motion for Summary Judgment. If the scope of employment question is ultimately resolved in favor of the United States, then it may refile its motion for summary judgment on exhaustion of administrative remedies.

While the Court is denying the motion for summary judgment filed by the United States and permitting discovery, it should be noted that the scope of employment review is narrow. The Court finds persuasive the guidelines and procedures outlined by the Third Circuit in *Schrob v. Catterson*, 967 F.2d 929 (3rd Cir. 1992), wherein it stated:

> The scope certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion based on the certification,

pleadings, documentary evidence, and affidavits. . . . On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary. But the district court should ensure that both the discovery and the hearing are circumscribed as narrowly as possible, although these are matters within its discretion.

*Id.* at 936. In light of the above, the Court will set a status conference with the parties by separate docket text order to discuss the scope and timing of the discovery to be undertaken taking into account the above guidelines and procedures.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (Doc. 10). The Court will set this matter for a status conference by separate docket text order to discuss the discovery to be conducted in this case.

**IT IS SO ORDERED.**

**DATED:  March 26, 2024.**

Digitally signed by Judge Sison
Date: 2024.03.26 13:52:56 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**