UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNDA ROWAN <br> and <br> JEFF ROWAN, <br>         Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> and <br> SIU PHYSICIANS AND SURGEONS, <br> INC., a/k/a SIU HEALTHCARE, <br><br>         Defendants, | ) <br> ) <br> ) <br> ) <br> )   Case No. 3:23-cv-01212-GCS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On October 18, 2024, Defendant United States of America filed a second motion for summary judgment. (Doc. 71). Thereafter, Defendant SIU Physicians and Surgeons, Inc., filed a motion for summary judgment on April 1, 2025. (Doc. 73). On April 28, 2025, the Court allowed Plaintiffs 30 days to respond to both motions for summary judgment. (Doc. 76). Plaintiffs did not respond to either motion despite being granted an extension to do so. Thus, the Court entered a Show Cause Order directing Plaintiffs to respond in writing on or before August 6, 2025 explaining why the Court should not (i) construe the failure to timely respond to the pending motions for summary judgment as an admission of the merits of the motions and (ii) grant summary judgment for Defendants; or in the

alternative to responding allowing Plaintiffs to respond to the summary judgment motions by that date. (Doc. 77). As of this date, Plaintiffs have neither responded to the Show Cause Order nor have they filed oppositions to the pending summary judgment motions.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by not responding to the pending motions for summary judgment and the Show Cause Order. The Court has more than 135 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiffs to respond, it will detrimentally impact the efficient and timely handling of its

other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED**.

    **DATED: August 11, 2025.**

Digitally signed by Judge Sison
Date: 2025.08.11
13:01:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**